[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this case is Lisa Beers (Beers). The defendant is her former employer, DATAHR Rehabilitation Institute, Inc. (DATAHR), which is a business subject to the provisions of the Workers' Compensation Act, Chapter 568 of the General Statutes. Beers was employed by DATAHR from approximately 1991 to 1998. During the course of her employment, on or about October 7, 1997, Beers, whose duties involved direct care of residents at DATAHR, claims that she was physically assaulted by a resident and suffered a cervical sprain as well as other injuries. Beers alleges that DATAHR discouraged her from seeking medical treatment or filing a formal workers' compensation claim. Notwithstanding this discouragement by DATAHR, Beers asserts that she filed several workers' compensation claims for her work-related injuries. She also claims that DATAHR "hassled" her when she reported that she was allergic to the latex gloves she was required to wear on the job and asked for an alternative type of glove which DATAHR considered too costly. According to Beers, she was further "hassled" by DATAHR when she had to be absent from work to obtain medical treatment for her work-related injuries and DATAHR was thereby inconvenienced in providing direct care to its residents. Beers claims that on December 2, 1997, she requested and received approval for a medical leave of absence regarding her work-related injuries. Thereafter, on December 5, 1997, Beers claims that DATAHR demoted her and reduced her pay as discipline for her alleged failure to adequately intervene and interact with residents and staff. When Beers returned from her medical leave in February of 1998, she claims that DATAHR offered her a "light duty" assignment to accommodate her medical restrictions, but only after she made a complaint to her workers' compensation nurse/case worker. On April 17, 1998, Beers was discharged by DATAHR due to her alleged inability to engage in direct patient care on account of her cervical sprain. Beers claims that, in reality, the discharge was discriminatory retaliation based on her previously approved workers' compensation claims.
In her three count complaint, Beers alleges that DATAHR demoted her, denied her the opportunity to continue in "light duty" work after she suffered an employment related injury and ultimately discharged her, all in connection with workers' compensation claims she made against DATAHR. The first count of the complaint asserts a claim under General Statutes § 31-290a, the second count asserts a common law public policy wrongful discharge claim and the third count asserts a claim for intentional infliction of emotional distress. CT Page 2319
In its Motion to Strike, filed pursuant to Practice Book § 10-39, DATAHR claims that the second and third counts of the complaint fail to state a claim upon which relief can be granted. According to DATAHR, count two, the public policy discharge claim, alleges the same conduct which is asserted in count one, the workers' compensation discrimination claim based on General Statutes § 31-290a, and Beers is limited by law to asserting her statutory claim under General Statutes § 31-290a. DATAHR further claims that to the extent that Beers was prevented from a continued "light duty" assignment in retaliation for making workers' compensation claims, she must pursue her administrative remedies under General Statutes § 31-313. In regard to count three, the intentional infliction of emotional distress claim, DATAHR claims that the alleged misconduct attributed to it is not sufficiently "extreme and outrageous" under the legal definition of that term to submit the matter to a jury for review.
Beers, for her part' disagrees that the workers' compensation discrimination claim in the first count of her complaint and the public policy wrongful discharge claim in the second count of her complaint assert the same claim. She further disagrees that she is limited by law to the assertion of the statutory cause of action, and that to the extent that she has been precluded from continuing in "light duty" work, she must pursue her administrative remedies under General Statutes §31-313. She opines that although the factual allegations in counts one and two overlap, the two counts are grounded on separate and distinct legal theories. The statutory count, Beers claims, is designed to vindicate the specific protections for workers against discharge discrimination based on a worker's pursuit of his or her rights under the Workers' Compensation Act, whereas the public policy discharge claim is broader in scope in that it focuses on DATAHR's motivation for the discharge. Beers argues that General Statutes § 31-290a and case law do not specifically prohibit her assertion of the public policy discharge action and that she is not required to pursue her administrative remedies under General Statutes § 31-313 because her claims regarding the "light duty" work are an integral part of her overall public policy discharge claim. Beers acknowledges that DATAHR provided her with a "light duty" assignment during the course of her employment. She claims, however, that the assignment was motivated by her complaints under the Workers' Compensation Act and are therefore evidence of DATAHR's discriminatory motive in discharging her. As such, Beers argues that there is no need or requirement that she exhaust her administrative remedies under General Statute § 31-313.
In regard to count three, the claim for intentional infliction of CT Page 2320 emotional distress, Beers asserts that the cumulative effect of DATAHR's discriminatory, threatening and unreasonable conduct toward her over the course of her employment qualifies as "extreme and outrageous," especially because it was motivated by her assertion of rights under the Workers' Compensation Act. She claims that under the totality of the circumstances which existed between the time of her work-related injuries and the time she was discharged, the actions of DATAHR show that it intended to and did humiliate and embarrass Beers, and did inflict emotional distress upon her.
In deciding the Motion to Strike, the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Eskin v. Castiglia, 253 Conn. 516, 523 (2000). The court, having construed the complaint in said manner, finds that the plaintiff has failed in counts two and three of her complaint to state a cause of action for which relief can be granted. The plaintiff is not entitled to pursue her count two claim for wrongful termination in violation of public policy because she has a statutory remedy available under General Statutes § 31-290a (b). In Burnham v. Karl Gelb, P.C., 252 Conn. 153
(2000), the Connecticut Supreme Court decided that a common law action for public policy discharge was unavailable in circumstances where a plaintiff has a statutory cause of action under the federal Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 et seq. It said that "[t]he existence of this statutory remedy [for retaliatory discharge] precludes the plaintiff from bringing a common-law wrongful discharge action based on an alleged violation of [the OSHA whistle blower statute]." Id., 162. In reaching its decision, the court relied on Atkinsv. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648 (1985), where it says that "[a] finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Emphasis added.) Even assuming in the instant case that Beers was subjected to a retaliatory discharge by DATAHR for the reasons alleged in Beers complaint, and further assuming that the first two counts of the complaint do not assert essentially the same cause of action, she is not entitled under the rationale of Burnham v. Karl Gelb, P.C., supra, to bring a common law action for wrongful discharge, because she has a statutory remedy for any wrongful conduct of DATAHR under the Connecticut Workers' Compensation Statute. In the instant case, Beers is not "otherwise without remedy" for any public policy wrongs committed by DATAHR due to her cause of action under count one. CT Page 2321 Since Beers does not claim that she was denied an opportunity to perform a "light duty" assignment in violation of General Statutes § 31-313
and does not claim any such violation as part of count one of the complaint (see Plaintiff's Memorandum of Law, p. 14), it is unnecessary to address the question of whether Beers failed to exhaust her administrative remedies under the Workers' Compensation Statute. The second count of the complaint is ordered stricken.
In the third count of the complaint, Beers claims that the cumulative effect of the alleged conduct by DATAHR amounts to intentional infliction of emotional distress. In order to prevail in a case making this allegation, the plaintiff must establish the following four elements: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." See Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 711 (2000). TheAncona court said that "[l]iability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Id., 712. It is clear that it is for the trial court to determine, in the first instance, whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy the elements required to be proven. See, Bell v. Board of Education, 55 Conn. App. 400 (1999). In the case at bar, the alleged conduct of DATAHR, even if assumed to be absolutely true, does not, in this court's view, fall within the parameters of the type of conduct covered by the tort of intentional infliction of emotional distress. In her complaint, Beers says that DATAHR used pretextual reasons to demote and later discharge her in retaliation for pursuing her rights under the Connecticut Workers' Compensation Act, "hassled" her for taking a medical leave connected with work related injuries, and further "hassled" her for requesting that she be supplied with non-latex gloves with which to perform her duties. This behavior by DATAHR, even if true, is not sufficiently shocking, reprehensible or egregious to qualify as "extreme and outrageous" for purposes of the tort of intentional infliction of emotional distress. It is not the type of behavior which so "shocks the conscience that it falls within the parameters of the alleged tort. The third count of the complaint is insufficient as a matter of law to state a claim upon which relief can be granted. It is, therefore, ordered stricken from the complaint.
White, J. CT Page 2322